| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-1** | |
| **BECKER LLC**<br>Eisenhower Plaza Two, Suite 1500<br>354 Eisenhower Parkway<br>Livingston, New Jersey 07039<br>(973) 422-1100<br>Counsel to Eric R. Perkins, Chapter 7 Trustee for the Debtor, Laurence Braunstein<br>Attorney Appearing: BARRY S. CRANE, ESQ.<br>Email: bcrane@becker.legal | |
| In re:<br><br>LAURENCE M. BRAUNSTEIN,<br><br>                Debtor. | Chapter 7<br><br>Case No. 18-17496<br><br>Judge: Hon. Vincent F. Papalia |
| ERIC R. PERKINS, CHAPTER 7 TRUSTEE,<br><br>                Plaintiff,<br><br>v.<br><br>BMW FINANCIAL SERVICES NA, INC. and BMW FINANCIAL SERVICES NA, LLC,<br><br>                Defendant. | Adversary No. 20-01293 VFP |

**VERIFIED APPLICATION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ERIC R. PERKINS, AS CHAPTER 7 TRUSTEE, FOR AN ORDER PURSUANT TO 11 U.S.C. § 363(b) AND § 502 AND FED. R. BANKR. P. 9019 (I) APPROVING THE SETTLEMENT OF ALL CLAIMS MAINTAINED BY THE ESTATE AND THE TRUSTEE AGAINST DEFENDANT AND (II) GRANTING OTHER RELATED RELIEF**

ERIC R. PERKINS, Chapter 7 Trustee (the "Trustee") for the estate (the "Estate")

of Debtor Laurence M. Braunstein (the "Debtor"), by and through his undersigned counsel,

Becker, LLC, as and for his verified application and memorandum of law in support of the

entry of an Order pursuant to 11 U.S.C. § 363(b) and § 502 and Fed. R. Bankr. P. 9019 (i) approving a settlement by and among the Estate and the Trustee, on one hand, and Defendant BMW Financial Services NA, LLC (incorrectly additionally pled as BMW Financial Services NA, Inc.) (hereinafter "Defendant"), on the other hand (the "Settlement") as evidenced by the settlement letter attached hereto as Exhibit "A" (the "Settlement Letter"), and (ii) for other related relief (the "Settlement Motion"), states as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b). This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (B), (M), and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

3. The statutory bases for the relief requested herein are sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9019-3 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## FACTUAL BACKGROUND

A. The Debtor's Bankruptcy Case

4. On April 16, 2018 (the "Commencement Date"), the Debtor filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code [Dkt. No. #1] (the "Petition") in the United States Bankruptcy Court for the District of New Jersey (the

2

"Bankruptcy Court") commencing the proceedings styled, *In re Laurence M. Braunstein*, Bankr. No. 18-17496 (the "Chapter 7 Case").

5. Thereafter, on April 17, 2018, the Office of the United States Trustee (the "U.S. Trustee") appointed Eric R. Perkins as the Chapter 7 Trustee pursuant to Bankruptcy Code § 701.

B. The Adversary Case

6. On or about May 20, 2020, the Trustee filed a complaint (the "Complaint") [Dkt. No. #1] to avoid and recover certain transfers made by Debtor to Defendant on behalf of certain of Debtor's beneficiaries (the "Beneficiaries") in the four years preceding the Debtor's filing of the Petition, which Debtor had no legal obligation to make, in the approximate amount of $30,766.09 (the "Subject Transfers").

C. The Terms of the Settlement

7. In an attempt to resolve the claims set forth in the Complaint without the need for continued litigation, the parties have engaged in settlement discussions and, as a result thereof, have agreed to resolve all of the claims set forth in the Complaint pursuant to the terms set forth in the Settlement Letter (Exhibit "A").

8. Specifically, and without any admission of liability, Defendant has agreed to pay the Trustee within twenty-one (21) days of the date that the Bankruptcy Court's approval of this Settlement becomes final, the sum of **Nine Thousand ($9,000.00) Dollars** (the "Settlement Payment") representing (i) $3,700.00 relating to the lease account for the 2013 BMW 523i (VIN ************6087) and (ii) $5,300.00 relating to the retail

3

installment account for the 2008 BMW x3 (VIN ************6866) (collectively the "Accounts"), without waiving its right to pursue the all named parties on said accounts.

9.     Based upon the parties' investigations, which evidence that substantially less than the pled amount may be recoverable by the Trustee and that any such sum is subject to certain statutory and other defenses, the Trustee is willing to accept the Settlement Payment and provide to Defendant a general release of any and all claims on behalf of the Estate that are or could have been the subject of this Adversary Proceeding.

## LEGAL AUTHORITY FOR RELIEF REQUESTED

10.    Bankruptcy Rule 9019 authorizes a trustee to enter into settlements involving property of a debtor's bankruptcy estate and provides that, upon motion and after notice and a hearing, the court may approve such compromise or settlement. Further, Bankruptcy Code § 363(b) authorizes a trustee to use, sell or lease property of a debtor's estate outside of the ordinary course of business consistent with his reasonable business judgment. Under these standards, the Trustee is authorized to enter into the Settlement Letter and dispose of the Debtor's interest upon Order of the Bankruptcy Court on notice to the Debtor's creditors and other parties-in-interest.

### Approval of the Settlement Letter

11.    To minimize litigation and expedite the administration of a bankruptcy estate, settlements are favored in bankruptcy. See, *In re Nutraquest, Inc.*, 434 *F.3d* 639, 644 (3d Cir. 2006). In essence, a court will approve a settlement when it is fair and equitable and in the best interests of the estate. See, *Key3Media Group, Inc. v. Pulver.com,* Inc., 336 *B.R.* 87, 93 (Bankr. D. Del. 2005).

4

12. The Third Circuit Court of Appeals (the "Third Circuit") has set forth four factors for a court to analyze in determining whether to approve a proposed Settlement Letter reached by a trustee with another party. See, *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). Those factors are:

a) The probability of success in litigation;
b) The likely difficulties in collection;
c) The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
d) The paramount interest of the creditors.

See, *Id*.

13. In assessing whether a settlement proposed by a trustee should be approved, courts are not required to have a "mini-trial" on the merits, "but should 'canvass the issue to see whether the settlement falls below the lowest point in the range of reasonableness.'" *In re Jasmine, Ltd.*, 258 *B.R.* 119, 123 (D.N.J. 1999) (quoting *In re Neshaminy Office Building Assocs.*, 62 *B.R.* 798, 803 (E.D. Pa. 1986)). This reflects a policy to approve settlements as a way to avoid unnecessary costs:

> [t]he lenient standards concerning approval of settlements and a limited scope of review reflect the considered judgment that little would be saved by the settlement process if bankruptcy courts could approve settlements only after an exhaustive investigation and determination of the underlying claims. The applicable standards encourage courts to approve settlements in bankruptcy proceedings and related actions.

*In re Purofield Down Products Corp.,* 150 *B.R.* 519, 522-23 (S.D.N.Y. 1983).

14. Furthermore, the Third Circuit has noted that "a court deciding whether to approve a settlement in bankruptcy relies heavily on the trustee, and under normal circumstances the court would defer to the trustee's judgment so long as there is a

5

legitimate business justification." *Jasmine*, 258 *B.R.* at 123 (citing *In re Martin*, 91 F.3d at 395).

15. Courts may consider a wide variety of evidence in hearings for approval of a settlement. Summaries by the parties of the strengths and weaknesses of the matter to be compromised and of the relevant evidence can be considered. *In re Energy Cooperative Inc.,* 886 *F.2d* 921, 924 (7th Cir. 1989).

16. In this case, the *Martin* factors clearly favor approving the Settlement Letter.

17. <u>The probability of success in litigation</u>. It is not yet clear that the Trustee would have a clear path to obtaining a judgment against Defendant. At the outset, it appears from the parties' respective investigations, that significantly less than the demand amount may be recoverable, accounting for statutory defenses and other circumstances. Furthermore, a resolution of these claims would require the Trustee to engage in discovery and affirmative litigation, resulting in significant costs to the Debtor's Estate. In light of the above, there is a strong potential that any success borne by the litigation would be outweighed by its costs, resulting in only a pyrrhic victory to the creditors of the Debtor's Estate.

18. <u>The likely difficulties in collection</u>. Given that Defendant is a major financial institution, there is a greater than usual likelihood that Defendant will have assets against which the Trustee may recover if the Trustee is awarded a judgment; however, the Trustee may have to incur time and expense in aid of its collection efforts that would detract from any recovery due to the creditors of Debtor's Estate.

19. <u>The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it</u>.  As mentioned above, a resolution of these claims would require the Trustee to engage in discovery and affirmative litigation, and then potentially collection efforts, all of which will result in significant costs, delays, and inconvenience to the Debtor's Estate and its creditors.

20. <u>The paramount interest of the creditors</u>.  For the reasons set forth above, the Trustee believes that the proposed settlement is well above the lowest range of reasonableness and, consequently, is in the best interest of creditors to consummate the Settlement and obtain payment of the Settlement Payment.

21. For the foregoing reasons, the Trustee requests that the Court approve the Settlement.

## NOTICE

21. Notice of the Motion will be provided to the following persons: (i) the Office of the United States Trustee for the District of New Jersey, (ii) Defendant's counsel, (iii) Debtor's counsel; and (iv) all creditors and parties who filed a proof of claim and/or notice of appearance in this case.

22. In addition, contemporaneously with filing the Motion, the Trustee has submitted a Notice of Proposed Compromise or Settlement of Controversy in the form required by Local Rule 9019-1 which the Clerk of the Bankruptcy Court will provide a copy thereof to all creditors and parties in interest as provided in that rule.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the Trustee respectfully requests that the Bankruptcy Court approve the proposed Settlement Letter and enter the Order submitted herewith (i) approving the Settlement and (ii) granting such other and further relief as the Bankruptcy Court deems equitable and just.

                                                **BECKER, LLC**
                                                Counsel to Eric R. Perkins, Chapter 7 Trustee

                                                By:    __/s/ Barry S. Crane_____
                                                          Barry S Crane, Esq.

Dated:  January 19, 2021

## VERIFICATION

I have read the foregoing Application and certify, under penalty of perjury, that the factual allegations contained therein are true and correct to the best of my knowledge, information and belief.

Executed on January 19, 2021

                                                __/s/ Eric R. Perkins_____
                                                Eric R. Perkins, Chapter 7 Trustee

# EXHIBIT A

# BECKER LLC
### ATTORNEYS AT LAW

BARRY S. CRANE

MEMBER OF NJ BAR
MEMBER OF NY BAR

December 2, 2020

Becker LLC
Eisenhower Plaza II
354 Eisenhower Parkway
Suite 1500
Livingston, New Jersey 07039

Direct:     (973) 251-8988
Main:       (973) 422-1100
Facsimile:  (973) 422-9122

bcrane@becker.legal

**Via E-Mail**
Joann Sternheimer, Esq.
Lippes Mathias Wexler Friedman LLP
54 State Street, Suite 1001
Albany, NY 12207-2527
*Counsel for BMW Financial Services NA, LLC*

    **Re: Laurence M. Braunstein**
        **Case No.: 18-17496**
        **Eric R. Perkins, Chapter 7 Trustee v. BMW Financial Services NA, LLC**
        **Adv. No.: 20-01293**

Dear Ms. Sternheimer:

    In regards to the above-referenced Adversary Proceeding that was commenced in the United States Bankruptcy Court for the District of New Jersey (the "Court") by Eric Perkins as the Chapter 7 Trustee (the "Trustee") for the estate ("Estate") of Laurence Braunstein ("Debtor") against BMW Financial Services NA, LLC ("BMW FS") under Case No. 20-1293-VFP (the "Adversary Case"), BMW FS shall pay the Trustee the sum of $9,000 representing (i) $3,700.00 relating to the lease account in the name of Jordan Braunstein for a 2013 BMW 523i (VIN 6087) and (ii) $5,300.00 relating to the retail installment account in the name of Josephine Baez for a 2008 BMW x3 (VIN 6866) (collectively the "Accounts"), in full settlement thereof. The settlement funds shall be paid to the Trustee within 21 days of the Bankruptcy Court's approval of the settlement. In exchange, the Trustee will provide a general release of any and all claims on behalf of the Estate that are the subject of the Adversary Case. The parties agree that as part of this settlement BMW FS does not admit to any liability concerning the allegations in the Adversary Case. Furthermore, nothing in this agreement shall be construed to inhibit BMW FS's right to pursue any other obligor (excepting the Debtor) on the Accounts. Any such third-party obligor is explicitly not released hereunder.

    Upon full execution of this letter, the Trustee will file paperwork with the Bankruptcy Court to obtain the Bankruptcy Court's approval of the settlement. If the foregoing is acceptable, please sign this letter below and return it to me.

                                       Very truly yours,
                                       BECKER LLC

                                       /s/ *Barry S. Crane*
                                       Barry S. Crane

AGREED TO AND ACCEPTED
ON BEHALF OF BMW FINANCIAL SERVICES, LLC
ON DECEMBER 15th, 2020:

*[signature]*

Joann Sternheimer, Esq.
Lippes Mathias Wexler Friedman LLP
54 State Street, Suite 1001
Albany, NY 12207-2527
*Counsel for BMW Financial Services NA, LLC*


/s/ Barry Crane
Barry S. Crane, Esq.
Becker, LLC
Eisenhower Plaza II
354 Eisenhower Parkway
Suite 1500
Livingston, New Jersey 07039
*Counsel for Chapter 7 Trustee*